02-10-265-CV















 

 

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

 

NO. 02-10-00265-CV 

 

 


 
 
 Jeffrey D. Westbrook
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 David F. Fondren, Frank D. Hoke,
 Gary L. Johnson, John Patrick, Rodney Cooper, Gary West, Deborah Ford, James
 Mooneyham, Jimmy Webb, Priscilla Morales, Jimmy Bowman, Vickie Barrow, Kelli
 Ward, Patsy Bell, Danny Horton, Roy Monroe, and Sherilyn Trent
 
 
  
 
 
 APPELLEES 
 
 


 

 

----------

 

FROM THE
30th District Court OF Wichita
COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

          On July 28, 2010, this court received
a notice of appeal from Appellant Jeffrey D. Westbrook, pro se.

On
October 22, 2010, we notified the parties that this court may lack jurisdiction
because the trial court’s order in this case did not appear to be a final
judgment.  That is, the order disposing
of Westbrook’s request for a preliminary injunction did not also dispose of
Westbrook’s request for a declaratory judgment, which Westbrook indicated he
wished to incorporate into this appeal in his letters filed on September 22, 2010,
October 13, 2010, and November 9, 2010. 
On October 1, 2010, the trial court indicated that no ruling could be
made on Westbrook’s motion for declaratory judgment because it had never been
set for trial. 

Our
October 22, 2010 letter informed the parties that they had until Monday,
November 1, 2010, to furnish this court with a response showing grounds for
continuing the appeal or it would be dismissed for want of jurisdiction.  See
Tex. R. App. P. 42.3(a).  

Westbrook
responded to our letter, stating that “[t]he only thing to do is sever the
declaratory judgment . . . and proceed with the preliminary injunction
portion.”  Therefore, to the extent
Westbrook has attempted to appeal a claim for declaratory judgment that is not
currently appealable, we dismiss that portion of his appeal for want of
jurisdiction.  See Tex. R. App. P. 42.3(a), 43.2(f).  Compare
Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(4) (Vernon 2009) (stating that a person may appeal from an
interlocutory order that refuses a temporary injunction), with Lehman v. Har-Con Corp., 39 S.W.3d
191, 195 (Tex. 2001) (“[T]he general rule, with a few mostly statutory
exceptions, is that an appeal may be taken only from a final judgment.”).  

The
remainder of Westbrook’s appeal shall continue, and Westbrook’s appellate brief
is due in this court on Monday, January 24, 2011.

 

 

PER CURIAM

 

PANEL:  MCCOY, WALKER, and
MEIER, JJ.

 

DELIVERED:  December 23, 2010











          [1]See Tex. R. App. P. 47.4.